IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **EARL BOXLEY,** | ) | CASE NO. 7:20CV00429 |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| | ) | |
| **BRYAN F. HUTCHESON, <u>ET</u> <u>AL.</u>,** | ) | By:  Hon. Glen E. Conrad |
| | ) | Senior United States District Judge |
| **Defendants.** | ) | |

Earl Boxley, a former Virginia inmate who is proceeding <u>pro</u> <u>se</u>, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that he received a jail meal tray that had a bug on it.  Upon review of the record, the court concludes that the complaint must be summarily dismissed, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim upon which relief could be granted.

At the time Boxley filed his § 1983 complaint, he was confined at the Rockingham-Harrisonburg Regional Jail ("jail").  He alleges that in July 2020, a bug problem arose in the jail's kitchen.  He complained and turned down some of his meal trays that week.  When he did accept his tray, it had a bug on it.  Boxley alleges that an unspecified deputy knew about the bug and laughed at him.  Boxley names as defendants the jail, the sheriff, a jail captain, and a jail lieutenant, seeking $50 million in damages.

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted.  28 U.S.C. § 1915A(b)(1).  To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted

from conduct committed by a person acting under color of state law.  West v. Atkins, 487 U.S. 42 (1988).

First, Boxley cannot pursue a § 1983 claim against the jail, as the jail is not a "person" subject to suit under § 1983.  Preval v. Reno, 203 F.3d 821, 2000 WL 20591, at *1 (4th Cir. Jan. 13, 2000) (unpublished) (quoting Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989)); McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890, 893-94 (E.D. Va. 1992).  Second, Boxley fails to allege any respect in which the sheriff and the jail officers he has named as defendants were involved in preparing or serving his meals, or how they became aware of any ongoing problem with the jail's meal service.  Under § 1983, "liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiffs' rights."  Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (internal citations omitted).  Because Boxley states no facts indicating that the named defendants acted personally in any way that deprived him of constitutionally protected rights, he states no claim against them.[*]  Therefore, the court will summarily dismiss this action without prejudice, pursuant to § 1915A(b)(1).  An appropriate order will enter herewith.

**ENTER**:  This   22nd day of September, 2020.

/s/ Glen Conrad

Senior United States District Judge

---

[*] In any event, to prevail in a claim about an unconstitutional living condition in jail, an inmate must show that the condition caused him serious or significant physical or mental harm.  See Strickler v. Waters, 989 F.2d 1375, 1380-1381 (4th Cir. 1993).  Boxley fails to state facts showing that the condition of which he complains caused him any serious harm whatsoever.  An inmate's missing meals on occasion, particularly when he chooses to do so, or an isolated incident of finding an insect on his meal tray simply do not, without evidence of resulting serious injury, rise to the level of a constitutional violation.  See, e.g., White v. Gregory, 1 F.3d 267, 269 (4th Cir. 1993) (affirming district court's dismissal of inmate's claim that he received only two meals per day during weekends, because inmate alleged no significant resulting injury); Belfield v. Stolle, No. 3:13CV234, 2015 WL 1526212, at *3 (E.D. Va. Apr. 3, 2015) ("The fact that [Belfield's] food occasionally contains foreign objects . . . while unpleasant, does not amount to a constitutional deprivation.").